**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0171n.06

No. 14-3801

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MEKHRINISO ALYSHEROVNA RAZIKOVA, | ) ) ) | **FILED** Mar 05, 2015 DEBORAH S. HUNT, Clerk |
| Petitioner, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| v. | ) ) ) | BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) | |

BEFORE: DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM. Mekhriniso Alysherovna Razikova, a citizen of Uzbekistan, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Razikova was born in Uzbekistan in 1984. She first entered this country in 2006 and returned four times between then and 2009; she has remained here since that time. She applied for the above relief and appeared before an IJ for a series of hearings on the merits of her application. Members of her family also testified on her behalf. Razikova related that she had been employed for a few months at a bank in Uzbekistan as a Korean translator when she noticed that the bank and some local officials were embezzling money from Korean investors. She took her concerns to management, which resulted in her firing. She then went to the authorities, but she had no proof of her claim. She testified that those involved in the embezzlement then took a

number of actions against her and her family, including vandalizing her father's car, making threatening phone calls, and causing problems for her parents at their jobs. The authorities eventually prosecuted many of those involved in the embezzlement. Razikova's cousin, who also worked at the bank, was detained for approximately one month before being cleared of involvement.

At the conclusion of the hearings, the IJ found that Razikova was not credible and that her application was frivolous. Moreover, he concluded that, even if her testimony could be credited, she was not entitled to relief. The BIA affirmed the denial of relief but vacated the IJ's finding that the application was frivolous. In her brief before this court, Razikova takes issue with the adverse credibility finding and reasserts the merits of her claims. This court granted her a stay of removal pending the appeal.

Razikova first challenges the finding that her testimony was not credible. We review a credibility determination to discern whether it is supported by substantial evidence, and we will not reverse unless the evidence compels a contrary determination. *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). There is substantial evidence in support of the negative finding in this case. The most glaring example concerns the claim of the vandalism to her father's car. At her first hearing, Razikova testified that the car was vandalized after she left Uzbekistan for the United States, and that she did not see the car after it was vandalized. At the end of that first hearing, the IJ pointed out that this was contrary to her written application, which stated that the car was vandalized the night that she went to the authorities with her story of embezzlement at the bank. The IJ granted a continuance to allow Razikova to explain this discrepancy, among others. At the second hearing, Razikova's mother testified that Razikova was still in Uzbekistan when the vandalism occurred. And at the third hearing, Razikova testified that she was there and

saw the car after it was vandalized. This did nothing to explain her contrary testimony at the first hearing. The record does not compel a finding that Razikova's testimony was credible.

Moreover, even if her testimony could be credited, the evidence submitted by Razikova is not so compelling that no reasonable factfinder could fail to find the requisite persecution rendering her eligible for asylum. *See Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). Persecution is an extreme concept. *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004). Nothing Razikova and her family experienced qualified as persecution; she was therefore not entitled to a presumption that she has a well-founded fear of future persecution. *See Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004). Therefore, she was required to offer specific information showing a real threat of persecution if she returns to Uzbekistan. *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007). Razikova's cousin was detained for one month before being cleared of involvement in the embezzlement at the bank. Razikova should fear nothing worse, as she reported the scheme to the authorities originally. Her family should fear no further reprisals, as they are now living in this country, having obtained visas through the lottery. And Razikova does not have to return to her hometown, where she can be connected to the embezzlement incident.

Having failed to establish her eligibility for asylum, Razikova cannot meet the higher burden of establishing eligibility for withholding of removal, *see El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009), or for protection under the CAT. *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005).

For all of the above reasons, we deny the petition for review.